UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIRGIL M. ROGERS,

        NO. CIV. S-05-1177 LKK/PAN

    Plaintiff,

  v.                        O R D E R

ASSISTANT UNITED STATES ATTORNEY
PHILIP A. FERRARI, et al.,

    Defendants.
                             /

    Pending before the court is defendant's motion to dismiss, or, in the alternative, for summary judgement. Plaintiff Virgil Rogers' complaint alleges civil rights violations arising from his allegedly unlawful arrest and detention by virtue of the conduct of various private and governmental actors. Although the complaint names multiple defendants, the motion currently pending before the court was filed by the three Assistant United States Attorneys named as defendants: Philip A. Ferrari, Pamela A. Satterfield and Alexia Pappas (collectively, "defendant AUSAs"). These defendants

1

move to dismiss on the grounds that they are entitled to absolute prosecutorial immunity. For the reasons set forth below, the court must grant the motion to dismiss.

**I.**

**THE COMPLAINT**

Below the court sets out the allegations of the complaint relevant to the instant motion.

Plaintiff and named defendant Karen Johnson-Norman had a romantic relationship. After the relationship ended, plaintiff was falsely accused of stalking defendant Johnson-Norman. In 2001, plaintiff was convicted in the District of Columbia for attempted stalking and placed on probation. In 2002, plaintiff moved to Sacramento.

On March 21, 2003, defendant Durant, a detective with the Metropolitan Police Department for the District of Columbia, signed an affidavit in support of an arrest warrant for the plaintiff. The affidavit listed the charge as felony stalking and averred that plaintiff had been in contact with defendant Johnson-Norman, in direct violation of his probation conditions.[1] Defendant Satterfield signed the arrest affidavit in her capacity as "Assistant United States Attorney".

---

[1] Specifically, the affidavit stated that plaintiff had mailed Johnson-Norman a package which contained letters, photographs, and a photocopy of an album cover. The affidavit averred that fingerprint tests of the package and contents of the package confirmed that plaintiff had in fact handled the items contained in the package. Plaintiff's fingerprints, however, were only found on the contents of the package.

2

On June 10, 2003, a bench warrant was issued by a D.C. Superior Court judge. This warrant was premised on charges of "attempted stalking - probation violation" and "failure to appear for a show cause hearing." Defs.' Mot. to Dism., Ex. B.[2] A box was checked next to a preprinted sentence which reads "[t]his warrant is issued extraterritorially pursuant to D.C. Code Sec. 23-1329 (1996)." The warrant listed the plaintiff's California address and the warrant form itself stated that the warrant "[m]ay be served at any place within the jurisdiction of the United States unless specified otherwise below." Id.

On June 16, 2003, plaintiff was arrested in Sacramento, California. He appeared before United States Magistrate Judge Peter A. Nowinski for an identification hearing and was remanded to the custody of the United States Marshal. On June 19, 2003, plaintiff again appeared before Judge Nowinski. Defendant AUSA Ferrari made an offer of proof concerning plaintiff's identity. Judge Nowinski determined that plaintiff was the person named in the arrest warrant.

Plaintiff's defense counsel noted that the plaintiff did not waive extradition and argued that there was no jurisdiction to arrest plaintiff because the warrant was, and under the circumstances could only be, a "misdemeanor bench warrant." The court rejected the argument, noting that the warrant was for a violation of probation. Plaintiff's defense counsel then argued

---

[2] Plaintiff was in Sacramento at the time and had not received notice of the hearing and thus failed to appear.

3

that the code section which AUSA Ferrari read into the record referred to pre-trial detention, rather than post-conviction probation. Nonetheless, the magistrate judge concluded that there was a valid warrant and held plaintiff to answer to the charges in the District of Columbia. In October 2003, plaintiff was tried by a D.C. jury, and found not guilty.

Plaintiff brings two causes of action against the defendant ASUAs, a Bivens action against Satterfield and Pappas premised upon an unreasonable search and seizure, and a Bivens action against all defendant AUSAs for unlawful arrest and confinement.

## II.

### DISMISSAL STANDARDS UNDER FED. R. CIV. P. 12(b)(6)

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can

4

1  prove no set of facts in support of the claim which would entitle
2  him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69,
3  73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
4  In spite of the deference the court is bound to pay to the
5  plaintiff's allegations, however, it is not proper for the court
6  to assume that "the [plaintiff] can prove facts which [he or she]
7  has not alleged, or that the defendants have violated the . . .
8  laws in ways that have not been alleged." Associated General
9  Contractors of California, Inc. v. California State Council of
10 Carpenters, 459 U.S. 519, 526 (1983).

## III.

## ABSOLUTE IMMUNITY

A prosecutor is entitled to absolute immunity from a civil action when he or she performs a function that is "intimately associated with the judicial phase of a criminal process." KRL v. Moore, 384 F.3d 1105, 1110 (9th Cir. 2004).  For the reasons set forth below, the court finds that the defendant ASUAs enjoy the protection of that immunity.[3]

**A.   LEGAL STANDARD FOR ABSOLUTE IMMUNITY**

A prosecutor is protected by absolute immunity "when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118 (1997).  That said, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." Buckley v. Fitzsimmons, 509 U.S. 259,

---

[3] Because this matter is resolved on the motion to dismiss, the court does not address the motion for summary judgement.

5

1  273 (1993).  Prosecutorial immunity hinges on "the nature of the
2  function performed, not the identity of the actor who performed
3  it." Forrester v. White, 484 U.S. 219 (1988). Because the test is
4  a functional one, a prosecutor is protected by absolute immunity
5  when, e.g., initiating a prosecution and presenting the State's
6  case, appearing at a probable cause hearing to support an
7  application for a search warrant, and preparing and filing an
8  arrest warrant.  KRL v. Moore, 384 F.3d at 1110 -1111 (citations
9  omitted).  On the other hand, prosecutors are not entitled to
10 absolute immunity when they perform administrative functions, or
11 "investigative functions normally performed by a detective or
12 police officer." Id. at 126.  See also Burns v. Reed, 500 U.S. 478,
13 494-96 (1991).

14 **B.  THE ACTIONS OF DEFENDANT AUSAS**

15     To determine immunity on a motion to dismiss, the court must
16 accept the allegations in the plaintiff's complaint as true.
17 Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999)(citing Kalina,
18 522 U.S. 118 (1997)).  The defendant ASUAs bear the burden of
19 demonstrating that immunity attaches to the particular functions
20 at issue.  Burns, 500 U.S. at 486.

21     In the case at bar, plaintiff alleges that all three defendant
22 ASUAs engaged in conduct that fell outside the scope of their
23 capacity as prosecutors and therefore they are not entitled to
24 immunity.  See Pl.'s Opp'n. at 4:18-20.  The court cannot agree.
25 ////
26 ////

Even when the factual allegations contained in the complaint are taken as true, it is clear that at all relevant times the defendant AUSAs were acting in ways that were "intimately associated with the judicial phase of the criminal process." KRL v. Moore, 384 F.3d at 1110.[4] Put directly, even if the defendant AUSAs did each of the things alleged in the complaint, they were acting in the course of their function as AUSAs and therefore immunity is triggered.

### 1.  **The Actions of Defendant Satterfield & Defendant Pappas**

Plaintiff asserts that Satterfield and Pappas acted outside the scope of their function as prosecutors with respect to both the March 2003 affidavit and the June 2003 bench warrant. The claim is without merit.

### a.  **The March 2003 Affidavit**

Plaintiff alleges that the March 2003 affidavit in support of an arrest warrant was false and that defendant Satterfield knew how and why the affidavit was false. Specifically, plaintiff asserts that Satterfield herself wrote on the affidavit that the charge was "felony stalking," which was improper.[5] See Defs.' Mot. to Dism., Ex. C.

---

[4] In plaintiff's opposition, he asserts for the first time that he believes that defendant Satterfield may have had a personal relationship with defendant Johnson-Norma. Since this allegation was not raised in the complaint, nor does plaintiff state any factual basis for his belief, the court will disregard the assertion.

[5] It is unclear why or how plaintiff arrives at the conclusion that it was Satterfield who listed the charge as felony stalking. However, because this is a motion to dismiss, the court accepts as true the plaintiff's allegations.

7

1    Plaintiff explains that D.C. law allows an individual who has
2 been previously convicted of stalking and who is subsequently
3 convicted of a second stalking charge within two years of the first
4 conviction, to be charged with felony stalking.  Pl.'s Compl. at
5 7:3-5.  Plaintiff maintains that over two years passed since his
6 first conviction and thus the enhanced charge of felony stalking
7 was improper.
8    Even if this characterization of D.C. law is accurate, the
9 fact that Satterfield mislabeled the charge on the affidavit does
10 not demonstrate Satterfield acting outside the boundaries of her
11 function as a prosecutor.  On the contrary, Satterfield was
12 performing an ordinary function of a prosecutor in presenting the
13 arrest warrant, even if there was an error in the level of the
14 alleged criminal activity.
15    It is well established that "acts undertaken by a prosecutor
16 in preparing for the initiation of judicial proceedings [. . .] and
17 which occur in the course of his role as advocate for the State,
18 are entitled to the protections of absolute immunity."  Buckley v.
19 Fitzsimmons, 509 U.S. 259, 260 (1993).
20    As noted, there are circumstances when the functional test
21 results in a determination that absolute immunity does not lie.
22 See, e.g., Buckley, 509 U.S. 259 (1993) (prosecutor not acting as
23 advocate when he held a press conference and allegedly fabricated
24 evidence concerning an unsolved crime); Kalina, 522 U.S. 118 (1997)
25 (prosecutor not entitled to absolute immunity when she personally
26 vouched for the truth of the facts set forth in a certification for

1 an arrest warrant); Morley, 175 F.3d at 759 (prosecutor when acting
2 as a witness while securing an arrest warrant not immune).  No
3 similar circumstances are tendered by the complaint and thus those
4 cases do not aid plaintiff's cause.  Rather, this case falls within
5 the wide ambit of protected advocacy.  Morley, 175 at 759.  See,
6 e.g., Burns, 500 U.S. at 490-92 (prosecutor is absolutely immune
7 for participation in a probable cause hearing); Imbler v. Pachtman,
8 424 U.S. 409, 431 (1976) (absolute immunity for initiating a
9 prosecution).

### b.    The June 2003 Bench Warrant

11 Plaintiff next challenges the enforceability of the June bench
12 warrant.  Specifically, plaintiff takes issue with the warrant
13 being "issued extraterritorially pursuant to D.C. Code Section 23-
14 1229 (d)(1996)."  Defs.' Mot. to Dism., Ex. B.  Plaintiff asserts
15 that defendant Satterfield or defendant Pappas deliberately checked
16 the box allowing for extraterritorially service, despite knowing
17 that it was inapplicable.  Pl.'s Compl. at 8:4-5; 8:18-21.

18 Assuming that either defendant Pappas or Satterfield did
19 deliberately check a box that they knew was inapplicable, that fact
20 does not demonstrate that either of the defendants acted outside
21 the boundaries of their function as prosecutors.

22 The conduct again falls directly within the boundaries of
23 ordinary prosecutorial conduct.  See, e.g., Roe v. City and County
24 of San Francisco, 109 F.3d 578, 583-84 (9th Cir.1997) (conduct
25 protected "even if that judgment is harsh, unfair or clouded by
26 personal animus.").

9

For the reasons discussed above, it is clear that both defendants Satterfield and Pappas are entitled to immunity and the claims against them should be dismissed.

### 2. Actions of Defendant AUSA Ferrari

Plaintiff also claims that defendant Ferrari mislead Magistrate Judge Nowinski into believing that the bench warrant was validly executed in California.  Specifically, he alleges that Ferrari failed to tell the court that the checked box on the face of the bench warrant only applied to extraterritorial warrants for pre-trial bail conditions.[6]  The argument does not lie.  Again, this defendant was performing the ordinary functions of an AUSA during the hearing.  Given the functional test employed to determine prosecutorial immunity, no suit can lie for the conduct alleged.

**C. CONCLUSION**

Defendant ASUAs have met their burden of establishing that all the alleged instances of misconduct occurred during the course of their functioning as prosecutors, and therefore, they are absolutely immune from suit.

////
////
////
////

---

[6] Plaintiff alleges that "[d]efendant Ferrari told the court that his copy of the code section was only entitled 'penalties for violation of conditions of release,' without mention of the bail or pre-trial language." Comp. at 10:19-26.

10

1 |     Accordingly, defendants' motion to dismiss is GRANTED and
2 | claims one and two of the complaint are DISMISSED with prejudice.
3 |     IT IS SO ORDERED.
4 |     DATED:  December 14, 2005
5 |     /s/Lawrence K. Karlton
    LAWRENCE K. KARLTON
6 |     SENIOR JUDGE
    UNITED STATES DISTRICT COURT