UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIRGIL M. ROGERS,

           NO. CIV. S-05-1177 LKK/PAN

      Plaintiff,

  v.                              O R D E R

ASSISTANT UNITED STATES ATTORNEY
PHILIP A. FERRARI, et al.,

      Defendants.
_____/

    Plaintiff Virgil Rogers alleges civil rights violations arising from his allegedly unlawful arrest and detention by virtue of the conduct of various private and governmental actors.[1] Although the complaint names multiple defendants, the instant motion to dismiss was filed by Karen Johnson-Norman, the woman who plaintiff alleges falsely claimed that he was stalking her.

---

[1] On December 12, 2005, this court dismissed claims against the three Assistant United States Attorneys named as defendants in this case. Also pending before the court are motions to dismiss filed by the District of Columbia defendants.

1

1  Defendant moves to dismiss on the grounds that (1) plaintiff's
2  claims against her are barred under the doctrine of collateral
3  estoppel; (2) this court lacks personal jurisdiction over defendant
4  Johnson-Norman; and (3) defendant Johnson-Norman is not subject to
5  liability under § 1983.
6      As I explain below, the court concludes it is without
7  personal jurisdiction over the moving defendant.  For reasons also
8  explained below, the court defers a decision as to whether the
9  matter should be dismissed or transferred to the District of
10 Columbia.

**I.**

**FACTS[2]**

At one time, plaintiff and defendant Johnson-Norman had a romantic relationship.  Comp. 4:23.  In 2001, after the relationship ended, plaintiff was convicted in the District of Columbia of attempted stalking.  He was placed on probation. Thereafter, plaintiff alleges that defendant Johnson-Norman made several false claims that plaintiff had contacted her in violation of the terms of his probation.  Comp. 5:13-16.  Plaintiff alleges that on each of these occasions defendant Johnson-Norman would call defendant Durant, a detective with the D.C. Metropolitan Police Department.  Comp. at 5:15-16.  In 2002, plaintiff moved to Sacramento, California.  Comp. at 5:22.

---

[2] As noted in the text, where the court considers a motion to dismiss for lack of personal jurisdiction, it is not limited to the complaint.  Accordingly, the facts are derived from the entire record.

2

1         On January 28, 2003, defendant Johnson-Norman contacted
2    defendant Durant, and told him that she had received a manila
3    envelope from plaintiff. Comp. at 23:9-10.  The envelope contained
4    letters, photographs and a photocopy of an album cover.  Comp.
5    at 6:8-10.
6         On March 21, 2003, defendant Durant, signed an affidavit in
7    support of an arrest warrant for the plaintiff.  AUSA Mot. to
8    Dism., Ex. C.  The affidavit listed the charge as felony stalking
9    and averred that by virtue of plaintiff having sent Johnson-Norman
10   the envelope, plaintiff was in violation of the conditions of
11   probation.  Plaintiff alleges that defendant Durant knowingly swore
12   out a false affidavit in March of 2003.  Comp. at 6:17-24.
13        On June 10, 2003, a bench warrant was issued by a D.C.
14   Superior Court judge.  This warrant was premised on charges of
15   "attempted stalking - probation violation" and "failure to appear
16   for a show cause hearing."  Defs.' Mot. to Dism., Ex. B.[3]  A box
17   was checked next to a preprinted sentence which reads "[t]his
18   warrant is issued extraterritorially pursuant to D.C. Code Sec. 23-
19   1329 (1996)."  The warrant listed the plaintiff's California
20   address and provided that the warrant "[m]ay be served at any place
21   within the jurisdiction of the United States unless specified
22   otherwise below." Id.
23        On June 16, 2003, plaintiff was arrested in Sacramento,
24   California.  AUSA Mot. to Dism., Ex. E.  On June 19, 2003,

---

[3] Plaintiff was in Sacramento at the time and alleges he had not received notice of the hearing.

3

1  Magistrate Judge Peter Nowinski determined that there was a valid
2  warrant, that plaintiff was the person named in the warrant, held
3  plaintiff to answer to the charges in the District of Columbia, and
4  continued him in custody.
5      In October 2003, plaintiff was tried by a Washington, D.C.
6  jury, and found not guilty.  The day after the trial concluded, the
7  trial judge granted defendant's petition for a Civil Protection
8  Order.  See Johnson-Norman v. Rogers, No. IF-2497-03 (D.C. Sup. Ct.
9  Oct. 29, 2003).  The judge concluded that there was good cause to
10 believe that plaintiff had committed the offense of stalking
11 between June 2002 and May 2003, and that there was good cause to
12 believe that plaintiff posed a danger to Ms. Johnson-Norman.
13     Plaintiff objected to the decision and filed a motion for
14 reconsideration, which was denied on January 29, 2004.  Def.'s Mot.
15 to Dism., Appellate Decision at 3, n. 2.  Plaintiff then appealed
16 the decision to the District of Columbia Court of Appeals, which
17 on September 26, 2005 issued its opinion deeming all of plaintiff's
18 claims to be without merit.  See id.
19     Plaintiff brings eight causes of action against defendant
20 Johnson-Norman: (1) violation of 42 U.S.C. § 1983, premised upon
21 an  unreasonable search and seizure; (2) violation of § 1983,
22 premised upon unreasonable detention and confinement; (3) violation
23 of § 1983, premised upon conspiracy; (4) negligence; (5) false
24 imprisonment; (6) malicious prosecution; (7) negligent infliction
25 of emotion distress; and (8) intentional infliction of emotional
26 distress.

4

**II.**

**STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof on the necessary jurisdictional facts. See Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). In ruling on the motion, the court is not limited to the allegations of the complaint. See Parrinov v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). When a court rules on the basis of affidavits and discovery materials without holding an evidentiary hearing, plaintiff's burden is met with a simple prima facie showing of personal jurisdiction. See Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). In determining whether a plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." AT & T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (internal citations and quotations omitted).

There are two types of personal jurisdiction: general and specific. Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995). General jurisdiction exists if the non-resident's contacts with the forum are continuous and systematic, and the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." Id. Plaintiff does not contend that the court had general jurisdiction. I thus turn to the question of specific jurisdiction.

1  The exercise of personal jurisdiction must comport with
2  California's long-arm statute.  See Omeluk v. Langsten Slip and
3  Batbyggeri A/S, 52 F.3d 267 (9th Cir. 1995).  That statute permits
4  the court to exercise personal jurisdiction over non-resident
5  defendants on any basis consistent with the United States
6  Constitution, See Cal. Civ. Proc. Code § 410.10, and thus the
7  measure ultimately is the Due Process Clause.  Due process, in
8  turn, requires that the defendant have certain minimum contacts
9  with the forum state such that the exercise of jurisdiction does
10 not offend traditional notions of fair play and substantial
11 justice.  See International Shoe Co. v. Washington, 326 U.S. 310,
12 316 (1945).
13 The Ninth Circuit has established a three-step test to
14 determine whether the court may exercise specific jurisdiction over
15 a non-resident defendant.  See Ziegler, 64 F.3d at 473.  First,
16 specific jurisdiction requires a showing that the out-of-state
17 defendant purposefully directed activities toward residents of the
18 forum state or purposefully availed herself of the privilege of
19 conducting activities in the forum state, thus invoking the
20 benefits and protections of its laws.  See Burger King Corp. v.
21 Rudzewicz, 471 U.S. 462, 474-475 (1985).  Second, the controversy
22 must be related to or "arise out of" defendant's contact with the
23 forum.  Ziegler, 64 F.3d at 473.  Third, the exercise of
24 jurisdiction must comport with fair play and substantial justice,
25 i.e., it must be reasonable, see Federal Deposit Ins. Corp. v.
26 British-American Ins. Co., Ltd., 828 F.2d 1439, 1442 (9th Cir.

1 1987), which is in turn measured by a multi-element test.

2 If an action is filed in a district which does not have personal jurisdiction over a defendant, the court may dismiss it or, if the interests of justice requires, transfer to a district in which it could have been brought. 28 U.S.C. § 1406(a); <u>Goldlawr, Inc. v. Heiman</u>, 396 U.S. 463, 466-7 (1962).

## III.

## PERSONAL JURISDICTION

As noted, defendant moves to dismiss, <u>inter alia</u>, on the grounds that the court lacks personal jurisdiction over her.

**A.   PURPOSEFUL AVAILMENT**

Under the first element of the Ninth Circuit's three-part jurisdictional test, a defendant must "purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." <u>Core-Vent Corp. v. Nobel Indus., A.B.</u>, 11 F.3d 1482, 1485 (9th Cir. 1993). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.' " <u>Ziegler</u>, 64 F.3d at 473. This is a qualitative analysis that determines whether a defendant can reasonably anticipate being sued in a particular jurisdiction. <u>Id</u>.

The purposeful availment test differentiates between tort and contract actions. A § 1983 claim has been held "more akin to a

7

1  tort claim." See Ziegler, 64 F.3d at 474.

2  The three elements of the purposeful availment test in a tort
3  claim are "(1) intentional action; (2) aimed at the forum state;
4  and (3) causing harm that the defendant should have anticipated
5  would be suffered in the forum state." Id.; see also Lee v. City
6  of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001).

7  In the case at bar, the purposeful availment test is not met.
8  Unlike the District of Columbia defendants, defendant Johnson-
9  Norman's contact with California is, if it existed at all,
10 extremely attenuated. Assuming defendant intentionally engaged in
11 the action of fabricating stalking charges against plaintiff, this
12 action was not aimed at California, since under plaintiff's
13 pleadings defendant had no way of knowing that plaintiff resided
14 in California.  It is true that, although plaintiff denies that he
15 sent the envelope, defendant, by reporting the matter to law
16 enforcement, demonstrated her belief that he did so.  Moreover,
17 since it appears that the envelope was sent in the mail, it could
18 be inferred that it carried a California postmark, though it does
19 not follow that it was legible.  In any event, the set of
20 attenuated inferences drawn above, is insufficient to support
21 jurisdiction.  In this regard, it is significant that at oral
22 argument plaintiff's counsel admitted that nothing in the record
23 supported a conclusion that defendant Johnson-Norman knew that
24 plaintiff was in California.  In the absence of such knowledge,
25 ////
26 ////

personal jurisdiction does not exist.[4]

The distinction between defendant Durant and defendant Johnson-Norman is significant with respect to purposeful availment. As a police officer, Detective Durant necessarily relied on California law enforcement in the execution of the arrest warrant. For example, in Lee v. City of Los Angles, 250 F. 3d 668, 692 (9th Cir. 2001), the New York law enforcement defendants purposefully availed themselves of California law in that they directed their "efforts towards California to arrest, extradite and transport" the plaintiff. Id. at 693. The same cannot be said of defendant Johnson-Norman. Defendant Johnson-Norman may have made false statements and conspired to have plaintiff arrested on false stalking charges, but, given the present record, these actions were not targeted specifically at California.

While plaintiff argues that defendant knew of plaintiff's residence, Pl.'s Opp'n at 9:3-5, the record does not support the contention. The complaint specifically alleges that defendant Durant discovered that plaintiff resided in California, see Comp. at 23:24-27, and nowhere does it allege that defendant Johnson-Norman knew plaintiff was in California.

Because the plaintiff has failed to satisfy the first prong of the personal jurisdiction test, the court need not engage in further analysis. Nonetheless, a question remains.

////

---

[4] Counsel suggested that such evidence might exist, but none has been filed with the court.

9

1     Where personal jurisdiction is lacking, the law strongly
2 favors transfer rather than dismissal.  <u>See</u> <u>Dist. No. 1, Pacific</u>
3 <u>Coast Dist., M.E.B.A. v. State of Alaska</u>, 682 F.2d 797, 798 (9th
4 Cir. 1982).  Nonetheless, in the instant matter plaintiff has
5 averred that he has been unable to locate D.C. counsel.  The court
6 does not know whether plaintiff wishes to continue the search for
7 counsel, or continue his action against Ms. Johnson-Norman in <u>pro</u>
8 <u>se</u> status.  Accordingly, plaintiff is granted fifteen (15) days to
9 indicate to the court whether he favors transfer or will submit to
10 dismissal.  A failure to timely respond will result in dismissal.
11     IT IS SO ORDERED.
12     DATED:  February 9, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10